UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| FREDRICK SCOTT | CIVIL ACTION NO. 08-0504 |
| VS. | SECTION P |
| DEPT. OF PUBLIC SAFETY & CORRECTIONS | JUDGE JAMES |
| ET AL. | MAGISTRATE JUDGE HAYES |

*Consolidated With*

| | |
|---|---|
| FREDRICK SCOTT | CIVIL ACTION NO. 08-0505 |
| VS. | SECTION P |
| DETENTION CENTER, MOREHOUSE | JUDGE JAMES |
| PARISH, ET AL. | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Fredrick Scott, proceeding *in forma pauperis*, filed two civil rights complaints pursuant to 42 U.S.C. §1983 on April 8, 2008. On May 20, 2008, the undersigned ordered the complaints consolidated. Plaintiff, an inmate in the custody of Louisiana's Department of Public Safety and Corrections is incarcerated at the Morehouse Parish Detention Center, Bastrop, Louisiana, and he complains that he sustained physical injuries when he had a seizure and fell out of the top bunk while he was incarcerated at that facility. He seeks compensatory damages of $25 million and an order transferring him to another facility. He named as defendants the Louisiana Department of Public Safety and Corrections, the Morehouse Parish Jail, the Morehouse Parish Detention Center, and Morehouse Parish Sheriff Danny McGrew. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the complaint be

**DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and for seeking monetary damages against a defendant who is immune from suit, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii).

### *Statement of the Case*

Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He suffers from some un-described "seizure" disorder. He claims that the Department is aware of the disorder. Prior to July 14, 2006, plaintiff was incarcerated at the LaSalle Parish Correctional Center. On that date he was transferred to the Morehouse Parish Jail or the Morehouse Parish Detention Center. Plaintiff claims that when he was transferred, his complete medical record, including his history of seizure disorder was sent to the authorities in Morehouse Parish. Additionally, plaintiff was examined by three nurses at the Morehouse facility. According to plaintiff, his medical records, which document his seizure disorder, mandate that he be assigned a bottom bunk; nevertheless, upon his arrival in Morehouse Parish, he was assigned a top bunk.

On January 29, 2008, plaintiff had a seizure and fell from the top bunk to the floor injuring his finger, his back, and his neck. In March 2008 he was assigned a bottom bunk. Plaintiff claims that the defendants, Morehouse Parish Jail, Morehouse Parish Detention Center, the Louisiana Department of Public Safety and Corrections, and Morehouse Parish Sheriff Danny McGrew ignored his medical condition and that resulted in the injury about which he complains.

On May 21, 2008, the undersigned directed plaintiff to amend his complaint. Specifically, plaintiff was directed to "... describe in detail the <u>injuries he sustained </u>as a result of the incident about which he complains..." [doc. 11, p. 3] Additionally, he was cautioned that his

claims against the Morehouse Parish Jail and the Morehouse Parish Detention Center would be dismissed because neither is a "juridical person" capable of being sued. [doc. 11, pp. 3-4] He was also advised that his claims against the Louisiana Department of Public Safety and Corrections would be dismissed based on that agency's immunity from suit under the Eleventh Amendment. [doc. 11, p. 4] He was also advised that his suit against Sheriff McGrew was subject to dismissal unless plaintiff alleged "... facts sufficient to demonstrate either personal involvement or the implementation of specific unconstitutional policies..." [doc. 11, p. 5] Finally, the undersigned advised plaintiff to amend his complaint to allege facts establishing "deliberate indifference" on the part of any remaining defendants. [doc. 11, pp. 5-6]

On June 23, 2008, plaintiff submitted a one-page handwritten response to the memorandum order. Plaintiff did not cure any of the deficiencies noted in the memorandum order and merely repeated his claims – that he was injured on January 19, 2008, when he had a seizure and fell from the top bunk he was sleeping in at the Morehouse Parish Detention Center; and that he was transferred from LaSalle Correctional Center to the Morehouse Detention Center on July 14, 2006, and on that date notified the medical staff of his seizure disorder and his need for medication. [doc. 12]

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Plaintiff has set forth specific facts which he claims entitles him to a specific form of relief. Nevertheless, on initial review, the undersigned noted certain specific deficiencies, alerted plaintiff to those deficiencies, and directed him to amend his complaint to cure those deficiencies. Plaintiff, however, apparently chose to disregard the amend order. He need not be afforded further opportunities to amend.

*2. Juridical Persons*

Plaintiff has named the Morehouse Parish Jail (MPJ) and the Morehouse Parish Detention Center (MPDC) as defendants. Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether these entities have the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.

The MPJ and the MPDC are apparently parish corrections facilities operated by the Sheriff of Morehouse Parish. [Compare La. Atty. Gen. Op. No. 03-0437, 2003 WL 23146623; see also, *Langley v. City of Monroe*, 582 So.2d 367 (La. App. 2d Cir. 1991) and La. R.S.15:702 (The parish governing authority is charged with the duty to provide a good and sufficient jail and to provide for the physical maintenance of parish jails and prisons; however, the administration of such jails is within the province of the sheriff who has the duty of operating the jail and

insuring that prisoners are properly cared for, fed and clothed.)] Further, to the extent that plaintiff's complaint is with the Morehouse Parish Sheriff's Office, it is also subject to dismissal. In Louisiana the Parish Sheriff's Offices are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D.La.1988).

Since neither the Morehouse Parish Jail, the Morehouse Parish Detention Center, nor the Morehouse Parish Sheriff's Office qualifies as a juridical person, plaintiff's complaint against them must be dismissed as frivolous.

### 3. The Louisiana Department of Public Safety and Corrections

Plaintiff has also named the Louisiana Department of Corrections (LDOC) as a defendant. However, the LDOC is absolutely immune from suit due to the Eleventh Amendment. See *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313 (5th Cir.1999); *Rogers v. Department of Corrections*, 263 F.3d 163 (5th Cir. 2001). Therefore, plaintiff's claims against the LDOC must be dismissed since plaintiff seeks monetary damages against a defendant who is immune from suit.

### 4. Sheriff McGrew

Plaintiff has named Sheriff McGrew as a defendant, but alleged no specific fault on his part. It thus appears that he has named the Sheriff in his supervisory capacity. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150

(5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983). Since plaintiff has alleged no fault on the part of this defendant, his claims against him must be dismissed as frivolous.

## 5. *Medical Care/Conditions of Confinement*

To the extent that plaintiff seeks to raise medical care and conditions of confinement claims against any persons associated with the Morehouse Parish Sheriff's Office, he has thus far failed to state a claim for which relief may be granted.

The constitutional right of a convicted prisoner to safe conditions of confinement and adequate medical care is based upon the Eighth Amendment to the Constitution. Rights guaranteed under the Eighth Amendment are violated only if the defendant state-actors act with deliberate indifference to a substantial risk of serious harm which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)

In other words, plaintiff can establish an actionable constitutional violation only if he alleges facts tending to establish that certain individual defendants were <u>deliberately indifferent</u> to his serious medical needs and to the allegedly dangerous conditions of his confinement at MPDC. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). Plaintiff has not made such a showing. "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas*

*Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).   Plaintiff has simply not shown deliberate indifference on the part of any persons associated with the facility in which he is confined.

At best, he has demonstrated negligence on the part of those who assigned him to a top bunk, however, negligent conduct cannot serve as the basis for a § 1983 claim. See *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir.1986) (citing *Davidson v. Cannon*, 474 U.S. 344 (1986); *Daniels v. Williams*, 474 U.S. 327 (1986)).

*6. Conclusion*

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and for seeking monetary damages against a defendant who is immune from suit,  pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii),  and (iii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed**

**legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, July 2, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE